UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MARK KLICH, ALUMINUM                                        :
FABRICATORS CORP., and R. KING                              :   **MEMORANDUM**
WINDOWS CORP.,                                              :   **DECISION AND ORDER**
                                                            :
                        Plaintiffs,                         :   21-cv-4812 (BMC)
                                                            :
            - against -                                     :
                                                            :
KONRAD KLIMCZAK, ZDZISLAW                                   :
KLIMCZAK, WOJCIECH KLIMCZAK, and                            :
MAREK JAROS,                                                :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

The issue in this diversity case is whether plaintiffs may maintain suit for breach of a confidentiality clause in an agreement that settled a prior Fair Labor Standards Act case. I hold that they may not because the confidentiality clause is unenforceable.

## BACKGROUND

Plaintiffs, who previously employed or currently employ defendants, have sued for breach of a confidentiality provision in a settlement agreement. The parties entered into the settlement agreement in 2015 (the "FLSA settlement agreement") to resolve an ongoing lawsuit that defendants (appearing in that case as the plaintiffs) had brought under the Fair Labor Standards Act and New York Labor Law. See Klimczak v. Aluminum & Vinyl Prod., Inc., No. 14-cv-4675 (E.D.N.Y. filed Aug. 6, 2014) (the "FLSA action"). The complaint in the underlying FLSA action alleged that defendants had a policy and practice of requiring their employees to

regularly work in excess of 40 hours per week without paying overtime compensation as federal and state law require.  It was styled as a putative collective and class action, but the parties settled the case before a motion was made to approve the collective action or for class certification.  The docket reflects that the case was dismissed by a plain vanilla stipulation and order of dismissal between the parties under Fed. R. Civ. P. 41(a); the settlement agreement was not filed nor was the Court apprised of its terms.

In the instant case, plaintiffs (formerly the defendants in the FLSA action), allege that their former employees breached the settlement agreement's confidentiality provision by telling other employees about the terms of the settlement.  The confidentiality clause upon which plaintiffs' complaint relies provides as follows:

> All parties agree to the extent reasonably permitted by law to keep the existence, terms and events leading up to and incorporated within this Agreement confidential.  All parties represent that they shall refrain from voluntarily disclosing this Agreement or its terms.  If asked, the parties shall simpl[y] acknowledge that the matter has been resolved.  Neither any of the parties, nor their counsel, nor other representatives shall speak or write to or otherwise communicate with any representatives of the media with regard to any matters pertaining to the above referenced action, Plaintiffs' relationship with the Defendants or this Agreement, and, if asked to comment, shall state only that the matter has been "resolved."  This provision shall not apply in circumstances where the party make[s] the disclosure to family member, accountant, tax professional, attorney, or under rule of law, such as upon receipt of a subpoena.

The complaint alleges that notwithstanding this provision, defendants disclosed the terms of the settlement to at least three co-employees, and those co-employees commenced a new action in the Supreme Court, New York County, entitled <u>Dylo et al. v. R. King Windows Corp. et al.</u>, No. 157253/2019, seeking similar relief to that previously demanded in the underlying FLSA action.  Plaintiffs seek damages and an injunction for the violation of the confidentiality provision.

Because confidentiality clauses in FLSA settlement agreements are generally not enforceable, see <u>Souza v. 65 St. Marks Bistro</u>, No. 15-cv-327, 2015 WL 7271747, at *4

(S.D.N.Y. Nov. 6, 2015) ("As many courts have observed, both before and after Cheeks was decided, '[c]onfidentiality provisions in FLSA settlements are contrary to public policy.'") (quoting Guerra–Alonso v. W. 54 Deli., Corp., No. 14-cv-7247, 2015 WL 3777403, at *1 (S.D.N.Y. May 22, 2015)), I raised the issue *sua sponte* of whether plaintiffs are entitled to maintain this action or whether doing so would violate the FLSA.  Plaintiffs have responded by arguing that because the parties entered into the FLSA settlement prior to the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc, 796 F.3d 199 (2d Cir. 2015), court approval was not required and the confidentiality clause is enforceable.  Defendants have responded that regardless of whether court approval was necessary, confidentiality clauses in agreements settling FLSA litigation are not enforceable and the action must be dismissed.

## DISCUSSION

Prior to the Second Circuit's decision in Cheeks, district courts within the Circuit were divided on whether court approval was required before dismissal of an action under Federal Rule of Civil Procedure 41(a).  Compare Marrano v. Oyster Animal Hosp., No. 14-cv-2751, 2015 WL 4715207 (E.D.N.Y. Aug. 6, 2015) (court approval not required) with Armenta v. Dirty Bird Grp., LLC, No. 13-cv-4603, 2014 WL 3344287 (S.D.N.Y. June 27, 2014) (court approval required).[1] However, a substantial majority of courts refused to allow settlements of FLSA cases that contained a confidentiality clause.  See, e.g., Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) ("confidentiality *contravenes* the legislative intent of the FLSA."); E.E.O.C. v. Astra U.S.A., Inc., 94 F.3d 738, 745 (1st Cir. 1996) ("non-assistance covenants which prohibit communication with the EEOC are void as against public policy"); see also

---

[1] It is difficult to quantify the cases holding that approval was not necessary, because it is likely that the vast majority of courts holding that view simply accepted stipulations of voluntary dismissal, as Judge Amon did in the FLSA case here.  Only when a district court rejected a Rule 41(a) stipulation might it opine on why it was doing so.

3

Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 111–12 (2013) (collecting cases that have barred confidentiality provisions in FLSA settlements and contending that "the rights of the general public and of similarly situated workers to know when employers have violated the FLSA outweigh private litigants' interests in keeping a settlement confidential").

Often, the issue of confidentiality arose in the context of a motion to seal a court docket to the extent that it disclosed the terms of a court-approved FLSA settlement. The courts almost always rejected those requests, not only because of the public right of access to court filings, but also because of the public character of FLSA settlements. See Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011). As the court noted in Hens v. Clientlogic Operating Corp., No. 05-cv-3815, 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010), "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA. . . . Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244–45 (M.D. Fla. 2010)).

In Picerni v. Biligual Seit & Preschool, Inc., 925 F. Supp. 2d 368 (E.D.N.Y. 2013), abrogated in part by Cheeks, 796 F.3d at 204–07, I concluded that the FLSA's prohibition against confidentiality clauses was not a good reason to require court approval of all FLSA settlement agreements.[2] My view was that if an employer sought to enforce a confidentiality clause, overbroad release, or other provision that was objectionable under the FLSA, the court in the subsequent action could simply decline. "[I]f a settling employee subsequently breaches the

---

[2] Although Cheeks abrogated the dictum in Picerni that court approval of FLSA settlement agreements is not required, the holding of Picerni is that parties may settle an FLSA case with an offer and acceptance of judgment under Fed. R. Civ. P. 68(a) without court approval. The Second Circuit subsequently agreed in Mei Xing Yu v. Hasaki Rest., Inc., 944 F.3d 395 (2d Cir. 2019), thus limiting Cheeks.

4

confidentiality provision, then the employer is going to have to try to enforce it, or seek rescission or damages for its violation. At that point, under the authorities cited above, the courts may well hold it unenforceable." Id. at 376. That is precisely the position we are in here.

It is important to note that the Supreme Court cases that led to the holding in Cheeks were not cases in which courts conducted fairness hearings of FLSA settlements. Rather, they were actions in which an employee, having settled his FLSA claims out of court or without court approval, sued notwithstanding the settlement. In each instance, the Supreme Court refused to enforce terms of the settlement that would have barred the employee's suit.

Specifically, Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945), considered three consolidated cases under the FLSA. In the first, the employer, upon demand from a former employee but prior to the commencement of any litigation, paid the former employee all of the statutory overtime that he should have been paid while working, and obtained a release expressly waiving the employee's rights under the FLSA.

In the second case, the Wage and Hour Administration, a predecessor to the Department of Labor, obtained an injunction against an employer, requiring compliance with the FLSA. The employer, in an out of court settlement but in recognition of its obligations under the injunction, thereupon tendered $500 to a former employee. Both the employer and former employee acknowledged that this was a compromise figure to which the parties had agreed to avoid litigation, and that the employee was owed more in minimum wages and overtime under the FLSA. Nevertheless, the former employee had signed a release that expressly included claims under the FLSA.

In both cases, the employees sued for the liquidated damages or additional wages to which they were entitled under the FLSA but which the settlements had not included. The

Supreme Court allowed both cases to proceed despite the releases because nothing in the underlying cases showed the existence of a "bona fide dispute," *i.e.*, an actual controversy as to whether the employee had actually worked enough hours to be entitled to the wages he claimed. Rather, there was no dispute that the employers owed both wages and liquidated damages under the FLSA. The Court held that "Congress did not intend that an employee should be allowed to waive his right to liquidated damages." Id. at 706.

A year later, in D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946), the Supreme Court held that a "bona fide dispute" does not exist when an employer claims it is not covered by the FLSA and settles a claim "under threat of suit." The Court therefore ruled that when a pre-litigation settlement occurs, and a release is given for what the parties agree is the payment in full of unpaid wages, the release cannot be raised as a defense to preclude a later suit for liquidated damages.

These seminal authorities, although not themselves involving Cheeks-type fairness hearings, are the source from which the requirement of judicial approval for FLSA settlements originated. They show that in the absence of court approval of an FLSA settlement, courts will not enforce objectionable components of the settlement in post-settlement litigation. They also show that judicial approval not only ensures that the rights of the plaintiff employees were fairly compromised, but it also protect the employer from subsequent suit by those same employees. Cheeks settlements achieve this by validating any releases or other provisions in the settlement – a protection that the employer would not have if the settlement was not court-approved. The trade-off, however, is that the employer cannot use the settlement to bar other employees from learning of their rights.

6

Under that reasoning, an unenforceable confidentiality provision in an FLSA settlement agreement does not become enforceable merely because the settlement was not filed in or approved by a court, regardless of whether the settlement is pre-Cheeks. Cheeks merely established the procedure for vetting proposed settlement agreements for fairness and objectionable provisions. It did not alter the substantive rule that confidentiality provisions in FLSA settlement agreements are rarely enforceable.

There may be special circumstances in which a court will allow confidentiality clauses in an FLSA agreement. See Souza, 2015 WL 7271747, at *4–7. But plaintiffs here have pointed to no special circumstances. This confidentiality provision, like most, was clearly designed to reduce the employer's exposure to having to pay FLSA wages to other employees, or having to litigate its obligation to pay other employees, by preventing other employees from learning of their rights. See Garcia v. Jambox, 14-cv-3504, 2015 WL 2359502 at *5–6, (S.D.N.Y. April 27, 2015). Indeed, the whole basis of this lawsuit is that defendants' alleged violation of the confidentiality clause resulted in other employees learning of and asserting their rights under the FLSA.

Using a confidentiality clause for that purpose is inimical to the FLSA's public policy objectives, and, accordingly, this action cannot be maintained. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 179–80 (S.D.N.Y. 2015) ("a non-disclosure agreement in an FLSA settlement . . . inhibits one of the FLSA's primary goals – to ensure 'that all workers are aware of their rights.'" (quoting Guareno v. Vincent Perito, Inc., No. 14-cv-1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)).

## CONCLUSION

For the reasons set forth above, this case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

                                                                       Digitally signed by Brian M. Cogan
                                                                       _____
                                                                                     U.S.D.J.

Dated: Brooklyn, New York
            November 16, 2021

8